## EBY *v.* THE STATE.

[No. 20,502.   Filed June 8, 1905.]

1. TRIAL.—*Instructions.—Homicide.—Assault and Battery with Intent.—Self-Defense.*—Where the evidence shows that defendant accosted the prosecuting witness's sister, contrary to such witness's desire, and such witness pursued defendant a short distance down an alley, both firing at each other almost simultaneously, the defendant has the right to an instruction that even if he was in the wrong in accosting said sister, still, if he

in good faith retreated and withdrew from his position, he was thus restored to his right of self-defense, and might thereafter lawfully repel his assailant's attack.   p. 113.

2.   TRIAL.—*Instructions.—Right to.*—A party has .the legal right to demand that proper instructions be given according to the theory of his action or defense and evidence in support thereof. p. 117.

From Fayette Circuit Court; *Noah S. Givan,* Special Judge.

Prosecution by the State of Indiana against Frank Eby for assault and battery with intent to murder.   From . a judgment convicting for assault and battery and assessing a fine of $2,000, defendant appeals.   *Reversed.*

*Conner & Conner,* for appellant.

*Charles W. Miller,* Attorney-General, *C. C. Hadley, L. G. Rothschild* and *W. C. Geake,* for the State.

HADLEY, J.—Upon a charge of assault and battery with. intent to kill, appellant was tried and convicted.

The questions not waived arise upon the action of the court in giving, and in refusing to give, certain instructions to the jury.

The evidence discloses that the father of the prosecuting witness had pending in court against the defendant an action for the seduction of his daughter, which was set for trial on October 21, 1903, and the daughter subpoenaed as a witness for the plaintiff.   The daughter and the defendant remained on friendly terms, and were out riding together on the evening before the trial. During the ride the daughter, who had at that time passed the age of twenty-one years, informed the defendant that she desired to give testimony favorable to him, but her father had threatened to drive her away from home if she refused to testify in support of the charge of seduction, and that she would tell the defendant the next morning before the trial definitely what she would do.   During the next morning the daughter attempted to communicate with the defendant, but the effort was frustrated by the interposition of her father.   Soon after the attempt at communi-

cation the father, mother and brother (prosecuting witness) in one group, and the daughter and sister and one of the plaintiff's attorneys in another group, following a few steps behind the first, left the father's residence for the court-house. Appellant hastily paralleled the parties, and, by passing through an alley, approached the street along which they were traveling, arriving at the sidewalk at the moment the daughters and the attorney were passing. Appellant addressing the daughter by name said: . "Do you want to speak to me?" The attorney answered: "No, sir, she does not want to speak to you," and at the same time took the girl by the arm. Whereupon appellant laid one hand upon the girl's shoulder, and with the other attempted to push the attorney to one side, further remarking to the girl: "Well, if you do want to speak to me you can, or shall." The prosecuting witness being with his father and mother about thirty feet in advance, upon hearing the altercation precipitated by the appellant, turned and commenced running towards them, upon seeing which the girl appealed to the appellant to flee. Appellant, as he testified, saw a gun in the prosecuting witness's hand, and thereupon at once began a hasty retreat back into and through the alley, the prosecuting witness pursuing him, and when the latter had gone about forty feet into the alley, the appellant being an indefinite distance further in, firing began by both, almost simultaneously. There is a sharp conflict in the evidence as to which one fired the first shot. Both received flesh wounds, the prosecuting witness in the body, and appellant one in the neck and one in the arm.

As touching the right of self-defense under the facts above stated, appellant at the proper time requested the court to instruct the jury in substance as follows: If you shall believe from the evidence that the accused was not wholly free from fault at and immediately prior to the time of the alleged commission of the assault and battery complained of in the affidavit and information in this cause,

and that he had pressed his endeavors to have conversation with Lillian Mulheeren in an unreasonable manner, or to an unreasonable extent, or even that in the beginning he was the aggressor, in an attempted interview, yet if you shall believe from the evidence that he in good faith withdrew from the attempt to secure such interview with Lillian Mulheeren, and his actions clearly manifested such intention to withdraw from such attempt, and that thereupon the prosecuting witness, John Mulheeren, advanced towards the accused with a loaded pistol in his hand, and by his conduct gave the accused grounds for reasonable apprehension that he was in danger of losing his life or suffering great bodily harm, then the court instructs you that the prosecuting witness, John Mulheeren, by his conduct became the aggressor, and thenceforward the accused, in the exercise of the right of self-defense, as above defined, had the right to act upon the appearances then and there presented to him by the conduct of said prosecuting witness, in forming his opinion as to whether he was in danger of losing his life or of receiving great bodily harm, and as to the means which were reasonably necessary to be used in the defense of his life or person.

The court instructed the jury that it was not improper for the defendant to speak to the girl as she was going to the court-house, concerning her testimony, if the character of the conversation and manner of approach were proper; but if the defendant's purpose in seeking a conversation was to dissuade her from appearing as a witness for her father, or to pervert her testimony, the defendant had no right to interfere with her by threats or otherwise; thus advising the jury that it might find, if the evidence warranted, that the defendant was a wrongdoer in his attempt to secure an interview with the witness.

The instruction refused is based upon the evident theory that although the defendant was the first wrongdoer by untimely, or in an improper manner, or for an unlawful

purpose, attempting an interview with the witness, and was therefore the first aggressor, yet if he in good faith abandoned the attempt, and retreated from the place, he was, after his retreat, restored to his right of self-defense as against one who followed him with a revolver in such a manner as to cause the defendant reasonably to believe that he was in imminent danger of losing his life or suffering great bodily harm.

The instruction foreshadows a familiar principle of the law of self-defense, and one of importance to the defendant under the evidence. *Story* v. *State* (1885), 99 Ind. 413; Gillett, Crim. Law (2d ed.), §405, and cases cited. The evidence, without dispute, is to the effect that after the momentary altercation on the sidewalk, upon the approach of the prosecuting witness, the defendant hastily left the girl and her companions, and retreated back into the alley, and the prosecuting witness in pursuit had gone not less than thirty feet into the alley after him before the shooting began. The court, having pointed out to the jury how they might find the defendant guilty of a wrong in accosting the witness on her way to the trial, and the effect of that wrong upon his right of self-defense, should, under the evidence, have gone further, and instructed them as to the effect a *bona fide* effort on the part of the defendant to right himself would have upon his subsequent right to protect himself. For however unjustifiable the conduct of the defendant in what he did and said on the sidewalk, if he voluntarily abandoned the attempted interview, and in good faith endeavored to retreat from the place and avoid further difficulty, and in so doing was pursued by the prosecuting witness with a dangerous and deadly weapon, under circumstances that made it reasonably manifest to him that he was in immediate danger of being killed, or of receiving serious bodily injury, he was in the latter place as much entitled to defend himself as if he had not been in the wrong in the former.

The court having omitted an instruction on this feature of the defense, it was eminently proper for the defendant to present a request. "It is the right of a party," 2. said this court in *Banks* v. *State* (1901), 157 Ind. 190, 203, "in either a civil or criminal prosecution to endeavor to maintain his theory of the case, and for that purpose he should be permitted to give to the jury any and all competent evidence which tends to support the same; and where any evidence has been introduced which tends to sustain such theory, it is also his right to have the jury fully advised upon the law in relation thereto by proper instructions." The instruction requested by the defendant was applicable to the evidence, and should have been given.

We have not deemed it important, in view of the conclusion reached upon the instruction refused, fully to consider the instructions given to which exceptions have been reserved; but from a casual reading it is obvious that the thirteenth, fourteenth and sixteenth were loosely drawn, and contain inaccurate and inadequate expressions in defining the law of self-defense.

Judgment reversed, with instructions to grant appellant a new trial.