JAMES JARMAN *v.* STATE OF INDIANA.

[No. 1177S782. Filed November 9, 1977.]

*Patrick E. Chavis, III,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Daniel Lee Pflum,* Deputy Attorney General, for appellee.

HUNTER, J.—The defendant, James Jarman, was charged with the offenses of drawing a deadly weapon and assault with intent to kill. A jury found him guilty of drawing a deadly weapon and assault. The trial court found that the evidence did not support the conviction for drawing a deadly weapon and discharged that conviction. The Court of Appeals found the evidence insufficient to sustain the assault conviction. On petition for transfer, the state challenges the action taken by the Court of Appeals. The sole issue on transfer is whether the actions taken by the defendant were enough to constitute an attempt.

The evidence most favorable to the judgment discloses the following:

At 1:30 a.m. two police officers drove to the defendant's home in an unmarked police car. When they arrived there was a car parked on a turn-around near Jarman's house and the officers stopped behind the automobile to make a radio check on the car. At that point, the two police officers observed a man run from the house, crouch behind a tree and point a pistol at the police. The officers radioed for assistance and moved their car so as to screen themselves from the gunman. The pistol-wielding figure again maneuvered so that he had an unblocked view of the officers. It was at this time that the officers noticed the defendant on the porch pointing a rifle at them. The officers, one of whom was in uniform, identified themselves as police officers and ordered the pair to disarm themselves. The defendant continued pointing the rifle at the police until additional police arrived with their sirens wailing and red lights flashing. He then went back into the house.

After the defendant and several other persons surrendered to the police, a search discovered the rifle leaning on a couch near the front door. The rifle was fully loaded, a shell in the chamber and the safety off. There was testimony at trial that the rifle was of a kind that the shell would had to have been deliberately placed in the chamber prior to firing.

Ind. Code § 35-13-4-7 (Burns 1975) provides:

"Whoever, having the present ability to do so, attempts to commit a violent injury upon the person of another, is guilty of an assault, and, on conviction, shall be fined in any sum not exceeding five hundred dollars [$500], to which may be added imprisonment in the county jail or in the Indiana State Farm not exceeding six [6] months."

The Court of Appeals defined attempt in its opinion in the following manner:

"An attempt implies the exercise of physical force directed to some definite end, an actual entering upon the execution of a purpose, which, if not prevented, or diverted, will result in the violent injury intended. 'There is a marked distinction,' says a recent author, 'between "attempt" and

"intent." The former conveys the idea of physical effort to accomplish an act; the latter, the state of mind with which an act is done or contemplated. Neither mere words and threats, nor mere preparation to commit a crime, are sufficient to constitute an attempt. It is essential that there shall be some overt act which will apparently result in the crime, unless interrupted by circumstances independent of the doer's will.' Clark's Crim. Law, § 56. Another author in speaking upon the same subject says: 'A purpose to commit violence, however fully indicated, if not accompanied by an effort to carry it into immediate execution, is not sufficient. * * * A menace does not constitute an assault; to complete the offense there must be an unequivocal purpose of violence accomplished by an act which, if not stopped or diverted, would produce a battery.' Gillett on Crim. Law, § 222. See, also, *Cutler* v. *State,* 59 Ind. 300; *People* v. *Yslas,* 27 Cal. 630, 633; *Brown* v. *State,* 95 Ga. 481, 20 S.E. 495; *Johnson* v. *State,* 43 Tex. 576; *State* v. *Davis,* 1 Ired. 125, 35 Am. Dec. 735; *Berkeley* v. *Commonwealth,* 88 Va. 1017, 14 S.E. 916." 363 N.E.2d 1084, 1085-6.

It is this Court's opinion that the jury verdict was supported by the evidence. The jury could have inferred from the condition of the rifle when seized by the police that the weapon was loaded when the defendant entered upon the porch. Having loaded the rifle, having deliberately and intentionally placed the shell in the chamber, and having released the safety before proceeding out onto the porch and aiming the rifle at the police, the defendant went beyond mere preparation and the requisite overt conduct had taken place. To find otherwise would preclude a conviction for an attempt of a crime of this nature for any conduct less than an actual shooting. We do not believe such a result to be desirable.

We, therefore, grant transfer, vacate the opinion of the Court of Appeals and affirm the judgment of the trial court.

Givan, C.J., and Pivarnik, J., concur; DeBruler and Prentice, JJ., dissent.

Note.—Reported at 368 N.E.2d 1348.