Leon MAHONE, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 3–781A183.

Court of Appeals of Indiana, Third District.

Dec. 15, 1981.

Rehearing Denied Jan. 11, 1982.

Scott L. King, Cohen & Thiros, P. C., Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

A jury found Leon Mahone guilty of battery,[1] a Class C felony. The trial court sentenced Mahone to five years' imprisonment. On appeal, Mahone raises the following issue for review:

Did the trial court err in refusing to give the lesser included offense instruction tendered by Mahone?

Affirmed.

On June 20, 1980, Mahone engaged in a game of pitching pennies with Joseph Moffett and Eugene Cooper in front of Mahone's house. During the course of the game, a dispute arose over some money Mahone owed to Moffett. Mahone accused Moffett and Cooper of cheating. A heated argument ensued, and Mahone drew a .22 caliber revolver and shot Moffett in the leg three times. For his conduct, Mahone was charged with and convicted of battery.

Mahone contends that he was entitled to have the jury instructed upon the offense of recklessness, IC 1976, 35–42–2–2(a) (Burns Code Ed., 1979 Repl.) (amended 1981), as a lesser included offense of battery. Mahone tendered and the trial court rejected the following instruction:

"RECKLESSNESS is a lesser included offense to the crime of BATTERY and is defined in Indiana by Statute in pertinent part as follows:

"A person who recklessly, knowingly, or intentionally performs an act that creates a substantial risk of bodily injury to another person and if the conduct includes the use of a deadly weapon commits RECKLESSNESS, a Class A. Misdemeanor."

Mahone relies upon the two-step methodology developed by this Court in *Roddy v. State* (1979), Ind.App., 394 N.E.2d 1098, for determining the propriety of giving an instruction upon a lesser included offense.[2] Under the methodology, it must be determined whether the lesser offense is "included" within the offense charged, as it was allegedly committed in the charging instrument. If so, it must then be determined whether the evidence adduced at trial warrants submission of the lesser included offense to the jury. *Easley v. State, supra.*

Mahone contends that recklessness is "included" within battery and that the evidence adduced at trial presents a "serious dispute" over element that distinguishes battery from recklessness—the actor's mental state. In support of his contention, Mahone relies upon (1) the testimony of a Gary police officer who stated that Mahone was intoxicated at the time of his arrest; (2) Mahone's statement that he was intoxicated and "high" when he shot Moffett; and (3) the trial court's giving of a voluntary intoxication instruction, which was directed toward evidence that negated Mahone's specific intent.

---

1. IC 1976, 35–42–2–1 (Burns Code Ed., 1981 Supp.).

2. The Indiana Supreme Court approved and applied the *Roddy* methodology in *Easley v.* *State* (1981), Ind., 427 N.E.2d 435; *Humes v. State* (1981), Ind., 426 N.E.2d 379; and *Swafford v. State* (1981), Ind., 421 N.E.2d 596.

Mahone's contention that the actor's mental state distinguishes battery from recklessness is correct insofar as battery under IC 35–42–2–1 requires knowing or intentional conduct whereas recklessness under IC 35–42–2–2(a) requires reckless conduct. *See,* IC 1976, 35–41–2–2 (Burns Code Ed., 1979 Repl.); *Humes v. State* (1981), Ind., 426 N.E.2d 379, 383. However, Mahone's application of the evidentiary inquiry under the second step of the *Roddy* methodology was not preceded with an application of the first step to determine if recklessness is "included" under the facts of the present case. Under the first step, the following inquiry must be made:

"[T]he trial court examines the criminal statutes which define the greater and lesser offense, together with allegations of fact contained in the charging instrument. When, however, by virtue of the legal definitions of the two offenses, the commission of the lesser offense is inherent to the commission of the charged crime, there is no need to examine the particular factual allegations made in the indictment or information. When the commission of the lesser offense is not inherent to the crime charged, however, the trial court must examine the charging instrument to determine if the elements of the lesser offense, by virtue of the manner and means allegedly employed in the commission of the charged crime, are alleged to have been committed. This requirement effectuates the determination of whether lesser offenses which are possibly included in the crime charged are in fact alleged to have been committed."

*Roddy, supra,* 394 N.E.2d at 1107.

 A comparison of the battery and recklessness statutes reveals that recklessness is not an "inherently" included offense of battery. For a lesser offense to be "inherently" included within a greater offense, it must be impossible to commit the greater offense without first committing the lesser offense. *Roddy, supra,* 394 N.E.2d at 1106. Recklessness under IC 35–42–2–2(a) requires the reckless creation of a "substantial risk of bodily injury to another person."

Battery of the Class C felony type requires a knowing or intentional touching of "another person in a rude, insolent, or angry manner . . . by means of a deadly weapon." IC 35–42–2–1. The phrase "deadly weapon" as it is used in IC 35–42–2–1 includes a "loaded or unloaded firearm." IC 1976, 35–41–1–2 (Burns Code Ed., 1979 Repl.). While most batteries are preceded by the creation of a substantial risk of bodily injury, it is possible for a battery to be committed without first creating such a risk or engaging in the offense of recklessness under IC 35–42–2–2(a). For example, a person may knowingly or intentionally touch another person by placing the barrel of an unloaded firearm against the body of another person, thus perpetrating a battery of the Class C felony type. However, such conduct does not necessarily create a substantial risk of bodily injury. Perhaps the use of an unloaded firearm in another manner may create such a risk, but the mere placement of the barrel against another person, while constituting a battery, does not necessarily constitute recklessness. Thus, recklessness is not an "inherently" included offense of battery. It must therefore be determined whether the charging instrument alleges the commission of the lesser offense of recklessness by virtue of the manner and means allegedly employed by Mahone in the commission of the charged offense, battery.

The charging instrument alleges that Mahone knowingly or intentionally touched Moffett in a rude, insolent, or angry manner by means of a deadly weapon. There are no allegations that Mahone created a substantial risk of bodily injury or that he did in fact cause Moffett to sustain bodily injury. While bodily injury may have resulted from Mahone's unlawful touching of Moffett, the State did not charge Mahone with creating a risk of bodily injury or causing bodily injury. The jury was instructed that the State needed to prove only that Mahone "(1) knowingly or intentionally (2) touched another perosn [*sic*], to wit: (3) in a rude, insolent, or angry manner (4) by means of a deadly weapon, to wit: a pistol." The State, in proving its battery case, was not required to prove that

Mahone created a substantial risk of bodily injury to Moffett. The fact that the State did prove bodily injury does not alter the fact that recklessness was not "included" within the allegations of battery contained in the charging instrument. As this Court stated in *Roddy, supra* :

> "If from this examination, the court determines that proof of those elements which comprise the lesser offense is not required for a conviction of the crime charged, the lesser offense is not 'included' within the crime charged—and an instruction and form of verdict on the lesser offense should not be given to the jury...."

*Roddy, supra,* 394 N.E.2d at 1107–08. The trial court properly rejected the recklessness instruction tendered by Mahone.[3]

Affirmed.

GARRARD, J., concurs in result.

HOFFMAN, P. J., concurs in result with opinion.

HOFFMAN, Presiding Judge, concurring in result.

I concur in the result reached by the majority. I would decide this case, however, by simply applying the precedent of *Hash v. State* (1972), 258 Ind. 692, 284 N.E.2d 770.

As the majority pointed out in footnote 3, under the circumstances of this case, *Hash* is applicable. The evidence is undisputed that Mahone caused the gunshot wounds which Moffett suffered.

Justice Prentice said in *Hash*, "It is error to give an instruction upon an issue if there is no evidence to support it." *Hash, supra,* at 698, 284 N.E.2d 770. Since the evidence of injury was undisputed, the instruction on recklessness should have been rejected.

---

**3.** The State did not allege that Mahone's unlawful touching of Moffett resulted in serious bodily injury, which conduct would also constitute battery of the Class C felony type under IC 35–42–2–1. Even if Mahone was charged under that portion of the battery statute, his recklessness instruction would have been wholly inappropriate to the evidence adduced at trial. In addition to battery and recklessness differing as to the actor's mental state, battery under that portion of the statute requiring serious bodily injury would differ from recklessness in the degree of harm caused by the actor. Recklessness under IC 35–42–2–2(a) merely requires the creation of a substantial risk of bodily injury, whereas battery, under that portion of the battery statute, requires touching that causes serious bodily injury. The evidence relating to the degree of harm sustained by Moffett is uncontroverted. In fact, Mahone stipulated that Moffett sustained gunshot wounds to his left leg. It is undisputed that Mahone caused those injuries by shooting Moffett. Under such circumstances, this Court's observations about

*Hash v. State* (1972), 258 Ind. 692, 284 N.E.2d 770, would be applicable. *See, Roddy, supra,* 394 N.E.2d at 1112, n. 28. Applying the reasoning of *Hash* to the present case, an instruction upon recklessness would have been inappropriate to the evidence because the jury could not have limited Mahone's criminal responsibility to recklessness since the evidence of bodily injury was uncontroverted. A defendant should not be permitted to stipulate to the existence of bodily injury and then request the trial court to instruct the jury upon an offense that proscribes only the creation of a substantial risk of bodily injury.

In addition to the State not relying upon the portion of the battery statute that proscribes touching that results in serious bodily injury, Mahone did not tender an instruction upon section (b) of the recklessness statute, which proscribes the reckless infliction of serious bodily injury. The nonexistence of these two elements distinguishes the present case from *Johnson v. State* (1981), Ind.App., 426 N.E.2d 91.