Robert WARREN, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–9212–CR–440.

Court of Appeals of Indiana,
Fifth District.

June 22, 1993.

---

on the face of the argument. *Danov v. Color Tile, Inc.* (1991), Ind.App., 571 N.E.2d 327, 328, *reh. denied, trans. denied.* This rule is not for the benefit of the appellant. It was established for the protection of the court so the court might be relieved of the burden of controverting

the arguments advanced for a reversal where such burden rests upon the appellee. *Ligon Specialized Hauler, Inc.,* 384 N.E.2d at 1073. Application of the rule is discretionary and dependent upon the appellant having made a *prima facie* showing of error in his brief. *Id.*

William F. Thoms, Jr., Indianapolis, for appellant-defendant.

Pamela Carter, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

BARTEAU, Judge.

Does placing an unloaded weapon against another's stomach and waving the gun near the other create a substantial risk of bodily injury so as to constitute criminal recklessness? We hold that under the circumstances presented in this case, it does not.

Robert Warren was convicted, following a bench trial, of criminal recklessness, a Class D felony and of carrying a handgun

without a license, a class A misdemeanor. The court sentenced him to two consecutive one year sentences, with six months suspended on each conviction. Warren appeals his conviction on the criminal recklessness conviction, arguing the evidence is insufficient to sustain the conviction.

We reverse Warren's conviction for criminal recklessness.

### FACTS

On July 4, 1992, Mr. and Mrs. Sadler were in front of their house with their two children and other relatives shooting fireworks. Warren came up to them, waving a gun very close to Mr. Sadler's face, and stating that he was the "meanest [man] in town." Warren also placed the gun against Sadler's stomach and waved it in front of the Sadler children. After waving the gun, Warren put it back into his pocket and began to talk to some others in the yard. While the gun was in Warren's pocket, Sadler went into his house and called the police. When Sadler returned to the yard, Warren took the gun out and again pointed it at Sadler.

When the police arrived, Warren was in front of the Sadler house. The officers found a gun on Warren; however, it was not loaded and the magazine, which holds the ammunition, was missing.

### STANDARD OF REVIEW

When faced with a challenge to the sufficiency of the evidence, we neither weigh the evidence nor judge witness credibility. Rather, we look only to the evidence, as well as the inferences to be drawn therefrom, most favorable to the conviction. *Chandler v. State* (1991), Ind., 581 N.E.2d 1233, 1237.

### CRIMINAL RECKLESSNESS

Indiana Code 35–42–2–2 provides in relevant part:

(b) A person who recklessly, knowingly or intentionally performs

1) an act that creates a substantial risk of bodily injury to another person

\* \* \* \* \* \*

commits criminal recklessness, a Class B misdemeanor. However, the offense is a

\*     \*     \*     \*     \*     \*

Class D felony if it is committed while armed with a deadly weapon.

Thus, the State was required to prove that 1) Warren recklessly, knowingly, or intentionally performed an act; 2) that created a substantial risk of bodily injury; 3) to another; 4) while armed with a deadly weapon. Warren attacks the second element and argues that the evidence is insufficient to show that his actions created a substantial risk of bodily injury. The State argues that the mere display of an apparent firearm, even though it is not loaded and not capable of being loaded, is enough to risk the infliction of bodily injury on someone.

The question of whether placing an unloaded gun against another person constituted criminal recklessness was broached by Judge Staton in *Mahone v. State* (1981), Ind.App., 429 N.E.2d 261. Mahone was convicted of battery after shooting another man in the leg. On appeal, Mahone argued that he was entitled to a jury instruction on criminal recklessness as a lesser included offense. The court held that criminal recklessness was not a lesser included offense because a person could commit battery without committing recklessness. In illustrating this point, Judge Staton wrote:

> For example, a person may knowingly or intentionally touch another person by placing the barrel of an unloaded firearm against the body of another person, thus perpetrating a battery of the Class C felony type. However, *such conduct does not necessarily create a substantial risk of bodily injury. Perhaps the use of an unloaded firearm in another manner may create such a risk, but the mere placement of the barrel against another person, while constituting battery, does not necessarily constitute recklessness.*

*Id.* at 263 (emphasis supplied). However, this is *dicta* because Mahone's gun was indeed loaded.

The question was also addressed in *Reynolds v. State* (1991), Ind.App., 573 N.E.2d 430, *trans. denied,* again in dicta.

Reynolds was charged and convicted of pointing a loaded handgun at the victim and demanding sexual intercourse. Reynolds argued that the evidence was insufficient to show that he committed an act that created a substantial risk of bodily injury. The court agreed with the *Mahone* court

> to the effect that placing the barrel of an unloaded firearm against the body of another person does not necessarily constitute the crime of criminal recklessness because such an act does not necessarily create a substantial risk of bodily harm.

*Id.* at 433. Noting that Reynolds was charged with having a loaded weapon, the court reversed the conviction because the State failed to present sufficient evidence that the gun was loaded.

We agree with the reasoning of the courts in *Mahone* and *Reynolds* and hold that merely placing an unloaded firearm against another, without more, does not create a substantial risk of bodily harm. The evidence here shows that Warren placed the unloaded gun against Mr. Sadler's stomach and waved the gun in his presence. This evidence is insufficient to support a conviction for criminal recklessness because the State failed to prove that there was a substantial risk of bodily injury. The State argues, however, that the mere use of a handgun can cause the participants to act in ways that endanger them; thereby, creating a substantial risk of bodily injury. "Something is substantial if it has 'substance or actual existence.'" *Elliott v. State* (1990), Ind.App., 560 N.E.2d 1266, 1267 (quoting *Webster's Third New International Dictionary* 2280 (1966)). Thus, a substantial risk of bodily injury may not be proven by mere speculation for which there has been no evidence presented at trial. *Elliott,* 560 N.E.2d at 1267.

Such is the case here. On appeal, the State presents several scenarios which could have resulted in injury. However, this is mere speculation for which there is no evidence presented at trial. While Warren's actions—placing the gun against Sadler—may have been a battery, a crime for which Warren was not charged, we find the

evidence is insufficient to sustain a conviction for criminal recklessness. We therefore reverse the conviction.

REVERSED.

RUCKER, J., concurs.

SHARPNACK, C.J., dissents with opinion.

SHARPNACK, Chief Judge, dissenting.

I respectfully dissent. The dispositive issue here is whether the actions of Warren created a substantial risk of bodily injury to Mr. Sadler.

The evidence in this case was sufficient to show that the manner in which Warren used the unloaded firearm created a dangerous situation. Mr. Sadler did not know the gun was unloaded and thus usable as a weapon only to pistol whip a person. The evidence raises the inference that when Warren spoke menacingly to Sadler, stuck a gun in his stomach, and pointed a gun at his head, Warren created a risk that Sadler would take action to repel the perceived threat. Such action could have resulted in bodily injury to Sadler.

The statute makes criminal the creation of a "substantial risk". It does not require that the risk be realized by the occurrence of the event. If Warren had used a *loaded* firearm in the same manner, we probably would all agree that he created a substantial risk that Sadler could be shot and would affirm because the statute does not require that Sadler actually suffer injury in order for Warren to have acted with criminal recklessness. It may be less likely, but not so much so as to make it purely speculative, that Sadler would attack in our case than that he would be shot in the hypothetical case with the loaded gun. In fact, the evidence in this case shows that Sadler was, indeed, going to attack Warren with a bottle and was prevented from doing so by the intervention of Mrs. Sadler.

Given this evidence and the circumstances of the event, I do not believe we can consign the risk of such an attack and injury to Sadler to the category of purely speculative and exclude it from the category of substantial. It was for the trier of fact, in this instance the trial judge, to assess the substantiality of the risk, and we are not free to reassess it on appeal.

I would affirm.