Lloyd MEEK, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9306–CR–258.

Court of Appeals of Indiana,
Third District.

March 2, 1994.

Pequita Jay Buis, Buis Conn & Associates, Indianapolis, for appellant-defendant.

Pamela Carter, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

GARRARD, Judge.

A jury convicted Meek of criminal recklessness while armed with a deadly weapon, a class D felony. (IC 35–42–2–2.) His only challenge on appeal is the court's refusal to give the jury an instruction he tendered concerning the definition of the offense.

The facts favorable to the verdict reveal that on August 4, 1992, Officer James Goddard investigated a domestic disturbance at Meek's residence. When Goddard approached the back porch of the residence, Meek was there, armed with a shotgun. Meek pointed the shotgun at the officer and threatened to kill him unless he left the property. Eventually, the officer persuaded Meek to put the gun down, and Meek went inside and then returned without the weapon. Officer Goddard then arrested Meek. When the officer recovered the shotgun, he found it to be unloaded.

At trial Meek tendered the following proposed final instruction which was refused by the trial court:

The crime of criminal recklessness is defined by statute as follows:

A person who recklessly, knowingly, or intentionally performs an act that creates a substantial risk of bodily injury to another person or performs hazing commits criminal recklessness, a Class B misdemeanor. However, the offense is a Class A misdemeanor if the conduct includes the use of a vehicle or a Class D felony if is it [sic]

committed while armed with a deadly weapon.

To convict the defendant, the State must have proved each of the following elements:

The defendant

1. recklessly, knowingly or intentionally

2. performed an act that created substantial risk of bodily injury to Officer James Goddard on August 4, 1992.

If the State failed to prove each of these elements beyond a reasonable doubt you should find the defendant not guilty.

If you find beyond a reasonable doubt that the act was committed while armed with a deadly weapon, you should find the defendant guilty of criminal recklessness, a Class D felony.

*Placing the barrel of an unloaded firearm against the body of another person does not necessarily constitute the crime of criminal recklessness because such an act does not necessarily create a substantial risk of bodily harm.*

[Our emphasis.] Meek argues that it was reversible error to refuse the instruction because the italicized portion defines substantial risk of bodily injury in terms of the use of an unloaded weapon. In support of this contention he cites *Warren v. State* (1993) Ind.App., 615 N.E.2d 500 (Sharpnack, C.J., dissenting.); *Reynolds v. State* (1991) Ind. App., 573 N.E.2d 430 (trf. den.) and *Mahone v. State* (1981) Ind.App., 429 N.E.2d 261.

■ While each of those decisions contained some acknowledgment that an unloaded gun might in some circumstances not create a substantial risk of bodily harm, none of them concerned the final instructions to be given the jury. And it is well settled, of course, that merely because a statement appears in an appellate decision does not necessarily mean it is appropriate to be included in final instructions to a jury. *See, e.g., Hare v. State* (1984) Ind., 467 N.E.2d 7, 16; *Drollinger v. State* (1980) 274 Ind. 5, 408 N.E.2d 1228, 1241.

■ To determine whether the court committed reversible error in refusing a tendered instruction, we consider 1) whether the instruction correctly states the law; 2) whether there is evidence in the record to support giving the instruction; and, 3) whether the substance of the instruction is covered by other instructions given by the court. *Taylor v. State* (1992) Ind., 587 N.E.2d 1293.

Here the court's own final instruction 9 advised the jury that,

A person who recklessly, knowingly or intentionally performs an act that creates a substantial risk of bodily injury to another person while armed with a deadly weapon commits Criminal Recklessness a Class D felony.

To convict the defendant the State must have proved each of the following elements:

1. did recklessly, knowingly or intentionally

2. performed [sic] an act that created a substantial risk of bodily injury

3. to another person

4. the act was committed while armed with a deadly weapon.

If the State failed to prove each of these elements beyond a reasonable doubt, you should find the defendant not guilty.....

■ The court's instruction correctly stated the law and was applicable to the evidence. Such an instruction is not erroneous "merely because it was not a fuller statement of the law." *Lopez v. State* (1988) Ind., 527 N.E.2d 1119.

The crucial point about the court's instruction is that it required the state to prove to the jury that Meek's acts created a substantial risk of bodily injury to Officer Goddard. Thus, the defense was clearly entitled to argue that merely pointing an unloaded gun at someone does not create an actual substantial risk of bodily injury to that person.[1] It therefore follows that Meek's tendered instruction was adequately covered by the

---

**1.** Since Meek took the shotgun out of sight into the house between the time of the threat and the time the gun was found to be unloaded, it does not necessarily follow that the gun was indeed unloaded when it was pointed at Officer Goddard.

instructions given by the court, and that no error was committed.

Affirmed.

RUCKER, J., concurs.

STATON, J., dissents and files separate opinion.

STATON, Judge, dissenting.

I dissent for the following reasons:

1. Meek's tendered jury instruction contained an accurate statement of the law which was key to one theory raised in his defense.

2. The specific point of law in Meek's instruction was not adequately covered by the instructions given to the jury.

Relevant to this appeal is the final paragraph of Meek's tendered jury instruction refused by the trial court, which stated:

Placing the barrel of an unloaded firearm against the body of another person does not necessarily constitute the crime of criminal recklessness because such an act does not necessarily create a substantial risk of bodily harm.

This language reflects the current state of Indiana law, most recently reiterated in *Warren v. State* (1993), Ind.App., 615 N.E.2d 500. In *Warren,* the defendant placed an unloaded gun against the victim's stomach and waved it in front of the victim's children. *Id.* at 501. Writing for the majority, Judge Barteau concluded that "merely placing an unloaded firearm against another, without more, does not create a substantial risk of bodily harm." *Id.* at 502. Meek offered some evidence at trial that his gun was unloaded when the confrontation occurred.[2] His evidence sufficiently raised the theory of defense that should the jury believe Officer Goddard's testimony regarding Meek's conduct, the jury should consider whether the gun created a substantial risk of bodily injury. The above instruction is thus an accurate statement of the law sufficiently supported by the evidence.

The Majority concedes that Meek's tendered instruction was a fuller statement of the law provided in the court's instruction. According to the Majority, however, because the court's instruction was accurate, it was sufficient, and Meek's fuller statement of the law was not required. This analysis fails to consider the trial judge's duty to instruct the jury in "all matters of law which are necessary for their information in giving the verdict." IND.CODE 35–37–2–2 (1988). The court's instruction, without more, wholly ignores a matter of law relevant to Meek's theory of defense; that is, the legal definition of substantial risk of bodily injury in the context of an unloaded weapon. In order to properly conclude that the State met its burden of proof as to each element of criminal recklessness, the jury should have been instructed on this aspect of the law. Moreover, a careful review of the remaining final instructions indicates no other reference to this point of law.

Meek's tendered instruction is a correct statement of Indiana law. It is sufficiently supported by evidence in the record and not included in the instructions actually given. Under our standard of review, these facts leave me with no choice but to conclude that the trial court committed reversible error in rejecting Meek's tendered instruction. I would reverse and remand for a new trial.

---

2. The Majority correctly asserts that in this case, the evidence is inconclusive whether the gun was unloaded when the confrontation between Meek and Officer Goddard occurred. However, conclusive evidence is not required to entitle Meek to a jury instruction on his theory. A criminal defendant is entitled to have the jury instructed on any theory of defense that has some foundation in the evidence, even if the evidence is weak and inconsistent. *Dayhuff v. State* (1989), Ind. App., 545 N.E.2d 1100, 1102.