**Laith AL–SAUD, Appellant–Respondent,**

v.

**STATE of Indiana, Appellee–Petitioner.**

No. 02A03–9311–JV–389.

Court of Appeals of Indiana,
Third District.

Aug. 10, 1994.

Rehearing Denied Dec. 12, 1994.

Jack A. Mochamer and P. Stephen Miller, Fort Wayne, for appellant.

Pamela Carter, Atty. Gen. of Indiana and Cynthia L. Ploughe, Deputy Atty. Gen., Office of Attorney Gen., Indianapolis, for appellee.

GARRARD, Judge.

Laith Al–Saud was adjudicated a delinquent child for committing three acts of criminal recklessness. He appeals, arguing that there was insufficient evidence to support his conviction. We agree and reverse.

## FACTS

On October 31, 1992, Al–Saud, fourteen years old, was attending a party with a number of friends at the home of Laine Kuehnert in Fort Wayne, Indiana. During the party Jeremy Smith (Smith), with whom Al–Saud had an ongoing dispute, and Eric Smith walked by the house. Al–Saud and Smith began to argue, and then Al–Saud's friends began to beat Smith. Al–Saud then pulled out what appeared to be a revolver, pointed it at Smith, said "I should shoot you," and pulled the trigger. However, the gun did not discharge. At this point, some adults arrived and broke up the fight.

The next incident involving Al–Saud occurred at another house party on November 6, 1992. When John Marynowski, an acquaintance of Al–Saud, walked into the basement, Al–Saud briefly pointed a gun at Marynowski's head, then walked away. Al–Saud then showed John approximately three bullets which he had in his pocket. At this same party, Al–Saud also pointed a gun at the head of Sarah Schopfer.

On December 15, 1992, a petition to adjudge delinquency was filed in the family relations division of the Allen Superior Court, alleging that the actions of Al–Saud, if committed by an adult, would constitute the crimes of battery against Smith and criminal recklessness against Smith, Marynowski and Schopfer. At a fact finding hearing on May 24, 1993, Al–Saud was found not delinquent as to the battery charge and delinquent as to the three criminal recklessness charges.

## ISSUES AND DISCUSSION

Al–Saud presents three issues for our review. Because we find that there was insufficient evidence to support the adjudication of delinquency, we reverse without reaching these additional issues.

■ Al–Saud argues that the State presented insufficient evidence to prove that he created a substantial risk of bodily injury to another person because the evidence did not show that the gun he was using was either real or loaded.

■ When adjudicating the delinquency of a child who has committed an act such as criminal recklessness which, but for the child's age, would constitute a crime, the act must be proven beyond a reasonable doubt. *In re Winship* (1970), 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368; *Collins v. State* (1989), Ind.App., 540 N.E.2d 85, 88, *trans. denied.* In our review we will not reweigh the evidence or judge the credibility of witnesses. We consider only the evidence most favorable to the State, together with all reasonable inferences to be drawn therefrom. *Matter of J.L.* (1992), Ind.App., 599 N.E.2d 208, 212, *trans. denied.* If there is substantial evidence of probative value to support a conclusion of guilt beyond a reasonable doubt, the verdict will be affirmed. *Id.*

Ind.Code § 35–42–2–2 establishes the elements for criminal recklessness:

(b) A person who recklessly, knowingly, or intentionally performs:

(1) an act that creates a substantial risk of bodily injury to another person ... commits criminal recklessness, a Class B misdemeanor. However, the offense is a:

. . . .

(2) Class D felony if it is committed while armed with a deadly weapon.

I.C. § 35–42–2–2(b)(2).

In *Warren v. State* (1993), Ind.App., 615 N.E.2d 500, the defendant was convicted of criminal recklessness for pointing a gun which was unloaded and missing its magazine at another person. In reversing this conviction, the court held that "merely placing an unloaded firearm against another, without more, does not create a substantial risk of bodily harm." *Id.* at 502. The court reached its conclusion in reliance upon dicta in *Reynolds v. State* (1991), Ind.App., 573 N.E.2d 430, *trans. denied* and *Mahone v. State* (1981), Ind.App., 429 N.E.2d 261. Although in *Mahone* the defendant's weapon was in fact loaded, the court noted that while placing the barrel of an unloaded firearm against

the body of another person could perpetrate a battery, "such conduct does not necessarily create a substantial risk of bodily injury. Perhaps the use of an unloaded firearm in another manner may create such a risk, but the mere placement of the barrel against another person, while constituting battery, does not necessarily constitute recklessness." *Mahone,* 429 N.E.2d at 263.

■ We agree with Al–Saud that the reasoning of *Warren* is applicable to this case. The State's argument that *Warren* is distinguishable because, in that case, the magazine had been removed from the gun, meaning that not only was the gun unloaded but it was also not capable of being loaded, is not persuasive. The critical fact underlying the *Warren* holding was that the firearm was not loaded and could therefore not create a substantive, actual risk of bodily harm. *Warren,* 615 N.E.2d at 502. In the case at bar, the State failed to present any evidence that the gun was loaded on either October 31 or November 6. In fact, on October 31 the gun did not discharge when the trigger was pulled, tending to support the premise that the gun was not loaded. In its closing argument the State acknowledged that it had not shown that the gun was loaded on either occasion, but stated that "[i]t's pointing a handgun in any nature at someone's head [which is a criminal act,] and there's no dispute that that happened and it's a criminally reckless act." (R. 179). Clearly, that was not a correct understanding of the law. There must be an act which creates a substantial risk of bodily harm, and that requires more than pointing an unloaded firearm at another person. While the State offers several plausible scenarios as to how the gun could have been loaded on October 31 and yet still not have discharged, a substantial risk of bodily injury may not be proven by mere speculation for which there has been no evidence presented at trial. *Warren,* 615 N.E.2d at 502 (citation omitted). Here, as there was no evidence that the gun used by Al–Saud was loaded at the time it was pointed at Smith, Marynowski or Schopfer, the State has failed to sustain its burden of proof.

For the foregoing reasons, the judgment is reversed.

BARTEAU, J., concurs.

STATON, J., dissents and files separate opinion.

STATON, Judge, dissenting.

I dissent for the following reasons:

1. The understanding of the law by the Majority Opinion is incorrect. Its Opinion lacks any valid authority. It is based upon a dicta illustration and a dicta assumption.

2. Criminal recklessness does not require that the State prove the gun was actually loaded. The State's burden is to show the action of Al–Saud created "a substantial risk of bodily injury to another person." IND.CODE § 35–42–2–2.

3. *Reynolds v. State* (1991), Ind.App., 573 N.E.2d 430, *trans. denied,* and *Warren v. State* (1993), Ind.App., 615 N.E.2d 500 should be overruled by the Indiana Supreme Court since both are founded upon false assumptions which are contrary to the criminal recklessness statute.

4. The trial court should be affirmed. Placing a revolver at the head of a person; telling that person "I should shoot you"; and pulling the trigger of the gun (loaded or "unloaded") is an act of criminal recklessness. It is an act which creates "a *substantial risk* of bodily injury to another person." (Emphasis added.)

The misunderstanding of the law by the Majority stems from an illustration set forth in *Mahone v. State* (1981), Ind.App., 429 N.E.2d 261, *reh. denied.* The question in *Mahone* was whether criminal recklessness was a lesser included offense of battery. To illustrate that it was not, the *Mahone* court gave this illustration which is strictly dicta:

"While most batteries are preceded by the creation of a substantial risk of bodily injury, it is possible for a battery to be committed without first creating such a risk or engaging in the offense of recklessness under IC 35–42–2–2(a). For example, a

person may knowingly or intentionally touch another person by placing the barrel of an unloaded firearm against the body of another person, thus perpetrating a battery of the Class C felony type. However, such conduct does not necessarily create a substantial risk of bodily injury. *Perhaps the use of an unloaded firearm in another manner may create such a risk, but the mere placement of the barrel against another person, while constituting a battery, does not necessarily constitute recklessness.* Thus, recklessness is not an 'inherently' included offense of battery. It must therefore be determined whether the charging instrument alleges the commission of the lesser offense of recklessness by virtue of the manner and means allegedly employed by Mahone in the commission of the charged offense, battery." *Id.* at 263 (emphasis added).

The above from *Mahone* was merely an illustration to show that criminal recklessness is not an "inherently" lesser included offense of battery. The *Mahone* court was applying *Roddy v. State* (1979), Ind.App., 394 N.E.2d 1098.

Later, in *Reynolds v. State* (1991), Ind. App., 573 N.E.2d 430, the State alleged in its charging instrument that the gun was loaded. Unnecessarily, the court made the following reference to *Mahone* and made the following assumption:

> "We agree with the *dicta* in *Mahone v. State* (1981), Ind.App., 429 N.E.2d 261 to the effect that placing the barrel of an *unloaded firearm against the body of another person does not necessarily constitute the crime of criminal recklessness* because such an act does not necessarily create a substantial risk of bodily harm. However, *we will assume—for the purposes of this opinion—that horseplay with a loaded revolver constitutes the crime of criminal recklessness."* *Id.* at 433 (emphasis added).

Whether a defendant pointing a gun at the victim and demanding she have sexual intercourse with him creates a substantial risk of

bodily injury is a question of fact for the jury to decide. In *Reynolds,* the jury found that it did create a substantial risk of bodily injury. On appeal, the *Reynolds* court held that it did not and reversed the finding of fact by the jury that a substantial risk existed. The *Reynolds* court reversed because the State did not prove that the gun was loaded.[1] The State did not have to prove that the gun was loaded. The statute does not require it.

To compound the misunderstanding of the illustration in *Mahone* and the assumption in *Reynolds,* the court in *Warren v. State* (1993), Ind.App., 615 N.E.2d 500, picked up the loaded gun torch and carried it to new heights.

> "We agree with the reasoning of the courts in *Mahone* and *Reynolds* and hold that merely placing an unloaded firearm against another, without more, does not create a substantial risk of bodily harm. The evidence here shows that Warren placed the unloaded gun against Mr. Sadler's stomach and waved the gun in his presence. This evidence is insufficient to support a conviction for criminal recklessness because the State failed to prove that there was a substantial risk of bodily injury." *Id.* at 502.

Again, the *Warren* court decided a question of fact as did the *Reynolds* court. Whether a gun, loaded or unloaded, creates a substantial risk of bodily injury to another person is a question of fact to be decided only at the trial level—not on appeal. The *Mahone* illustration, admittedly dicta, was merely made to show that criminal recklessness was not inherently a lesser included offense of battery and had to be alleged by the State in its charging instrument. *Reynolds* and *Warren* should be overruled by the Indiana Supreme Court and Al–Saud's conviction should be affirmed.

For the reasons set forth above, I dissent.

---

1. "Under the circumstances of the present case, we believe that—for Reynolds' act to have created a substantial risk of bodily injury to anyone—the gun he brandished had to have been loaded. Therefore, we conclude that—under the circum-

stances of the present case—the State was required to prove that the handgun Reynolds aimed at Yung was in fact loaded to sufficiently convict Reynolds of criminal recklessness." *Reynolds, supra,* 573 N.E.2d at 433.