Laith AL–SAUD, Appellant,

v.

STATE of Indiana, Appellee.

No. 02S03–9505–JV–498.

Supreme Court of Indiana.

Dec. 20, 1995.

Jack A. Mochamer, P. Stephen Miller, Fort Wayne, for appellant.

Pamela Carter, Attorney General, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, for appellee.

## ON PETITION TO TRANSFER

SULLIVAN, Justice.

Resolving a conflict which has emerged in opinions of the Court of Appeals, we hold that a firearm need not be loaded to create a substantial risk of bodily injury under Indiana's criminal recklessness statute, Ind. Code § 35–42–2–2.

### Background

On October 31, 1992, fourteen year old Laith Al–Saud and several of his friends were at a house party when Jeremy Smith and Eric Smith walked by the house. Al–Saud and others ran outside and confronted the Smiths. Al–Saud and Jeremy had an argument and Al–Saud's friends began to beat Jeremy. Upon freeing himself, Jeremy saw Al–Saud pull a revolver from his waistband and point it at Jeremy's body. Al–Saud stated, "I should shoot you. I should shoot you." Al–Saud pulled the trigger, but the gun did not discharge. Shortly thereafter, some adults arrived and ordered the group to disperse.

On November 6, 1992, while at a house party, Al–Saud pointed a gun at John Marynowski's head as he entered the room. Al–Saud said, "Hi, John" and put the gun away. John asked Al–Saud if he had any bullets for the gun, and Al–Saud pulled approximately three bullets from his pocket and showed them to John. Al–Saud also pointed a gun at Sarah Schopfer's head at the same party. On December 15, 1992, a delinquency petition was filed in the Allen Superior Court. On May 24, 1993, the trial court determined that Al–Saud would have been guilty of the crime of criminal recklessness if he were an adult and adjudicated Al–Saud a delinquent juvenile.

Al–Saud appealed. The Court of Appeals held that the State failed to sustain its burden of proving that Al–Saud was guilty of criminal recklessness beyond a reasonable doubt because it presented no evidence that the gun was loaded and therefore did not prove the substantial risk of bodily injury necessary to sustain the charge. *Al–Saud v. State* (1994), Ind.App., 638 N.E.2d 822, 824. The State seeks transfer arguing that the Court of Appeals erroneously determined that the State can not prevail on a criminal recklessness conviction unless it submits some evidence that a gun pointed at another individual is loaded.

### Discussion

The statute at issue provides:

A person who recklessly, knowingly, or intentionally performs:

(1) an act that creates a substantial risk of bodily injury to another person ... commits criminal recklessness, a Class B misdemeanor. However, the offense is a:

. . . . .

(2) Class D felony if it is committed while armed with a deadly weapon.

Ind.Code § 35–42–2–2(b) (1993).[1] A deadly weapon is defined by statute to include either a loaded or unloaded firearm. Ind.Code § 35–41–1–8.

■ When the State seeks to have a juvenile adjudicated to be delinquent for committing an act that would be a crime if committed by an adult, the State must prove every element of that crime beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 368, 90 S.Ct. 1068, 1074–75, 25 L.Ed.2d 368 (1970); *Warner v. State* (1970), 254 Ind. 209, 258

1. In 1995, the General Assembly added Indiana Code § 35–47–4–3 to the Indiana Code. This section provides:

 Sec. 3 (a) This section does not apply to a law enforcement officer who is acting within the scope of the law enforcement officer's official duties or to a person who is justified in using reasonable force against another person under:

 (1) IC 35–41–3–2; or
 (2) IC 35–41–3–3.

 (b) A person who knowingly or intentionally points a firearm at another person commits a Class D felony. However, the offense is a Class A misdemeanor if the firearm was not loaded.

N.E.2d 860. Here, to show that the defendant committed criminal recklessness, the State had to prove beyond a reasonable doubt that Al–Saud recklessly, knowingly or intentionally performed an act that created a substantial risk of bodily injury to another person while armed with a deadly weapon. Ind.Code § 35–42–2–2.

Resolving the claim of error requires us to make a determination as to whether the evidence presented at his trial was sufficient to sustain this burden. Our standard of review for appeals challenging the sufficiency of the evidence is well settled. Whether the evidence is direct or circumstantial, we will not reweigh it or evaluate the credibility of witnesses. *Green v. State* (1992), Ind., 587 N.E.2d 1314; *Litel v. State* (1988), Ind., 527 N.E.2d 1114, 1115. Reviewing solely the evidence and the reasonable inferences from that evidence that support the fact finder's conclusion, we decide whether there is substantial evidence of probative value from which a reasonable fact finder could find beyond a reasonable doubt that the defendant committed the crime. *Litel*, 527 N.E.2d at 1115; *Case v. State* (1984), Ind., 458 N.E.2d 223, 226. We will not disturb the fact finder's conclusion if it could reasonably infer beyond a reasonable doubt from the circumstantial evidence presented that the defendant committed the crime. *Biggerstaff v. State* (1982), Ind., 432 N.E.2d 34, 36. Thus, our inquiry here is whether the State presented substantial evidence of probative value from which a reasonable fact finder could conclude beyond a reasonable doubt that the defendant committed criminal recklessness.

 The Court of Appeals found that this burden was not met because the State presented no evidence that the deadly weapon here—Al–Saud's gun—was loaded. According to this view, even though an unloaded firearm is, by statutory definition, a deadly weapon, it must be loaded to create a substantial risk of bodily injury. *Al–Saud*, 638 N.E.2d at 824.[2] In reaching this conclusion, the Court of Appeals cited *Mahone v. State* (1981), Ind.App., 429 N.E.2d 261, and

two later cases that purport to rely on *Mahone*, *Warren v. State* (1993), Ind.App., 615 N.E.2d 500, and *Reynolds v. State* (1991), Ind.App., 573 N.E.2d 430. We do not find that *Mahone* stands for the proposition for which it is cited.

In *Mahone*, Judge Staton was faced with the question of whether the crime of Criminal Recklessness was an "inherently" included offense of the crime of Battery. He wrote:

> While most batteries are preceded by the creation of a substantial risk of bodily injury, it is possible for a battery to be committed without first creating such a risk or engaging in the offense of recklessness under IC 35–42–2–2(a). For example, a person may knowingly or intentionally touch another person by placing the barrel of an unloaded firearm against the body of another person, thus perpetrating a battery of the Class C felony type. However, such conduct does not necessarily create a substantial risk of bodily injury. Perhaps the use of an unloaded firearm in another manner may create such a risk, but the mere placement of the barrel against another person, while constituting a battery, does not necessarily constitute recklessness. Thus, recklessness is not an "inherently" included offense of battery.

429 N.E.2d at 263. We think it apparent that Judge Staton was merely using the example of an unloaded firearm to illustrate a point different from the issue facing us in Al–Saud's case and, in any event, seems to say in as many words that the use of an unloaded firearm can in certain circumstances create a substantial risk of bodily injury.

Judge Staton was a member of the panel in *Al–Saud* and objected to the majority's characterization of his *Mahone* opinion, saying, "Whether a gun, loaded or unloaded, creates a substantial risk of bodily injury to another person is a question of fact to be decided only at the trial level—not on appeal. The *Mahone* illustration, admittedly *dicta*, was merely made to show that criminal recklessness was not inherently a lesser included

**2.** Another panel of the Court of Appeals concluded that the pointing of an unloaded gun at another person can create a risk of substantial bodily injury under Indiana's criminal recklessness statute. *In re D.B.* (1995), Ind.App., 648 N.E.2d 1230, *aff'd* —— N.E.2d ——.

offense of battery and had to be alleged by the State in its charging instrument. *Reynolds* and *Warren* should be overruled by the Indiana Supreme Court and Al–Saud's conviction should be affirmed." 638 N.E.2d at 825. We agree and hereby disapprove *Reynolds* and *Warren*.

Here, the State presented evidence showing that Al–Saud and a group of his friends confronted Jeremy Smith and his brother and began to beat Jeremy. In the chaos that followed, Al–Saud pulled out a gun, pointed it at Jeremy and pulled the trigger. Tension mounted until adults arrived and put an end to the violence. One week later, while surrounded by a group of his teenage peers at a house party, Al–Saud pulled out a gun and pointed it at the heads of two different people.

The brandishing of a firearm in a congested area or during a dispute can create a variety of risks of bodily injury to others, regardless of whether the weapon is loaded. It is not within the province of this court to speculate as to the specific reasons why the fact finder concluded as it did. We believe that the evidence and reasonable inferences that can be drawn from it comprise substantial evidence of probative value from which a reasonable fact finder could conclude beyond a reasonable doubt that the defendant's actions created a substantial risk of bodily injury to another person and that defendant therefore committed a delinquent act, *i.e.*, an act which, if committed by an adult, would constitute criminal recklessness.

*Conclusion*

Having granted transfer, we now vacate the opinion of the Court of Appeals in *Al–Saud v. State*, and affirm the trial court.

SHEPARD, C.J., and DICKSON and SELBY, JJ., concur.

DeBRULER, J., dissents without opinion.