**In the Matter of D.B., a Child Alleged to be a Delinquent Child, Juvenile Appellant**

v.

**STATE of Indiana, Appellee.**

No. 71S05–9508–JV–978.

Supreme Court of Indiana.

Dec. 20, 1995.

Louis L. Hegyi, South Bend, for Juvenile Appellant.

Pamela Carter, Attorney General, Dana A. Childress–Jones, Deputy Attorney General, Indianapolis, for appellee.

ON PETITION TO TRANSFER

SULLIVAN, Justice.

Fourteen year old D.B. and J.R. had an argument on May 4, 1993. Two days later, D.B. approached J.R.'s residence and stood across the street in front of the house. J.R. was sitting on the front porch with some friends and family. D.B. and J.R. had a brief conversation, and D.B. pulled out a handgun and pointed it in the direction of the porch. D.B. learned that the police had been called and left the scene.

On October 7, 1993, the State filed a delinquency petition in the St. Joseph Probate Court charging D.B. with carrying a handgun without a license and criminal recklessness. The trial court declared D.B. a delinquent juvenile on both counts. D.B. appealed. The Court of Appeals affirmed the trial court and concluded that it was within the fact finder's discretion reasonably to infer from the evidence presented that the gun was loaded and created a substantial risk of bodily injury notwithstanding the facts that the gun was never recovered and no evidence was presented as to whether the gun was loaded. *In re D.B.* (1995), Ind.App., 648 N.E.2d 1230, 1232–33. D.B. seeks transfer arguing that the decision of the Court of Appeals is erroneous because it conflicts with *Warren v. State* (1993), Ind.App., 615 N.E.2d 500, a case in which the Court of Appeals held that the pointing of an unloaded gun at another person does not create a substantial risk of bodily injury under Indiana's criminal recklessness statute, Indiana Code § 35–42–2–2. *Id.* at 502.

This case raises precisely the same issue that we resolved today in *Al–Saud v. State,* (1995), Ind., 658 N.E.2d 907. In *Al–Saud* we held that a firearm need not be loaded to create a substantial risk of bodily injury under Indiana's criminal recklessness statute, Indiana Code § 35–42–2–2 (1993). Here, the State presented evidence showing that D.B. and two friends stood across the street from J.R.'s front porch, that D.B. and J.R. had a heated exchange, and that D.B. pulled out a gun and pointed it toward J.R. and the other J.R. friends and family members who were standing on the porch. D.B. left only after

learning that someone had called the police. As in *Al–Saud,* we think that the evidence presented here comprised substantial evidence of probative value from which a reasonable fact finder could conclude beyond a reasonable doubt that D.B.'s conduct created a substantial risk of bodily injury to another person and that D.B. therefore committed a delinquent act, *i.e.,* an act which, if committed by an adult, would constitute criminal recklessness.

### Conclusion

Having previously granted transfer, we now affirm the trial court.

SHEPARD, C.J., and DICKSON and SELBY, JJ., concur.

DeBRULER, J., concurs in result.