John F. BRACKSIECK, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 18A02–9704–CR–252.

Court of Appeals of Indiana.

Feb. 20, 1998.

As Amended on Denial of Rehearing
April 23, 1998.

Robert M. Winters, Public Defender, Muncie, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

After a jury trial, John F. Bracksieck was found guilty of Pointing a Firearm, as a Class D felony, and Criminal Recklessness, as a Class D felony. Bracksieck received a twenty-eight month sentence on each count, to be served concurrently, with credit for time served. He presents one issue on appeal which we restate as whether his convictions and sentences for both pointing a firearm and criminal recklessness violate the prohibition against double jeopardy.

We reverse and remand.

## FACTS

On June 3, 1996, Bracksieck and several others were at Donna Mullens's home, in Muncie, watching television and drinking. At some point during the evening, Bracksieck went to his vehicle and retrieved a handgun which he placed on the coffee table. After some discussion regarding the sale of the gun, Bracksieck became agitated and began waiving the gun around. Mullens told Bracksieck that he "wasn't going to act crazy" around her children. Bracksieck responded by pointing the gun at her forehead and pulling the trigger. The weapon failed to discharge and Mullens fled with her children to a neighbor's house where she called the police. After the police arrived, they disarmed Bracksieck and placed him under arrest. While unloading and securing the gun, the police found three spent shell casings and one live shell in the cylinder.

## DISCUSSION AND DECISION

In this case of first impression, we are asked to consider the relationship between Indiana Code § 35–47–4–3, pointing a firearm at another person, as a class D felony, and Indiana Code § 35–42–2–2, criminal recklessness, as a class D felony. While Bracksieck contends that his convictions and sentences violate both the state and federal double jeopardy provisions, he fails to distinguish between the two claims and makes a single argument using the *Blockburger* test. Specifically, he contends that the statutes require proof of identical facts and, thus, are the "same offense" for double jeopardy purposes.

■ Double jeopardy protects "against successive prosecutions following conviction, reprosecution after acquittal, and multiple punishments for the same offense." *Games v. State,* 684 N.E.2d 466, 473 (Ind.1997) (citing *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)). Like the defendant in *Games,* Bracksieck bases his appeal on the third protection and claims that his convictions for both pointing a firearm and criminal recklessness, both as a class D felony, violate the prohibition against multiple punishments for the same offense.

■ The United States Supreme Court articulated the test to determine whether double jeopardy had been violated in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), when it stated that, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to determine whether there are two offenses or only one, is *whether each provision requires proof of an additional fact which the other does not.*" *Id.* at 304, 52 S.Ct. at 182, 76 L.Ed. at 309 (emphasis added). The purpose of the *Blockburger* analysis is to determine whether "as defined by the legislature, any two or more [offenses] are the same offense." *Games,* 684 N.E.2d at 476 (citing *United States v. Dixon,* 509 U.S. 688, 745, 113 S.Ct. 2849, 2881–82, 125 L.Ed.2d 556, 599–600). In analyzing double jeopardy claims based on multiple punishments, we utilize a method of statutory interpretation in which the court is asked to "determine whether the legislature intended 'to impose separate sanctions for multiple offenses arising in the course of a single act or transaction.'" *Id.* The *Blockburger* test, also known as the "same elements" test, requires that we look only to the statutory elements of the offenses, not to the charging information, the jury instructions outlining the elements of the crime or the underlying proof needed to establish the elements. *Id.* at 477; *Grinstead v. State,* 684 N.E.2d 482, 486 (Ind.1997).

Indiana Code § 35–47–4–3 provides in pertinent part:

A person who knowingly or intentionally points a firearm at another person commits a Class D felony. However, the offense is a Class A misdemeanor if the firearm was not loaded.

IND.CODE § 35–47–4–3(b). Further, the relevant part of Indiana Code § 35–42–2–2 provides:

A person who recklessly, knowingly, or intentionally performs: (1) an act that creates a substantial risk of bodily injury to another person ... commits criminal recklessness, a Class B misdemeanor. However the offense is a: (2) Class D felony if it is committed while armed with a deadly weapon.

IND.CODE § 35–42–2–2(b)(1).

The definition of deadly weapon includes, but is not limited to, a loaded or unloaded firearm. IND.CODE § 35–41–1–8. In addi-

tion, although many acts "create a substantial risk of bodily harm," we can envision no situation in which pointing a loaded firearm at another person does not also create a substantial risk of bodily injury to that person. *See, e.g., Al–Saud v. State,* 658 N.E.2d 907, 910 (Ind.1995) (brandishing of firearm in congested area or during a dispute can create variety of risks of bodily injury to others, regardless of whether the weapon is loaded and is sufficient to sustain criminal recklessness conviction). Thus, when a firearm is involved, the elements of both statutes consist of (1) knowingly or intentionally (2) pointing a firearm at another person. When, as here, each provision does not require "proof of an additional fact which the other does not," the *Blockburger* test is not satisfied. *See Blockburger,* 284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. at 309. Under these circumstances, pointing a firearm, as a class D felony, and criminal recklessness, as a class D felony, are the same offense for double jeopardy purposes and the defendant cannot be convicted of both offenses without violating both state and federal prohibitions against double jeopardy.

We reverse and remand with instructions to vacate Bracksieck's conviction and sentence for pointing a firearm, as a class D felony.

Reversed and Remanded.

BAKER and RILEY, JJ., concur.