**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JANE H. CONLEY**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTHONY WALLS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  49A02-1405-CR-345 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable John M. Chavis, Judge
Cause No. 49F15-1307-FD-42148

**December 11, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

Anthony Walls ("Walls") appeals, following a bench trial, his conviction for Class D felony criminal recklessness.[1] Walls argues that we should reverse his conviction because the evidence presented was insufficient to show that he acted recklessly. Concluding that the trial court, acting as factfinder, could have reasonably inferred that Walls's act of discharging his weapon in close proximity to another person was done in plain, conscious, and unjustifiable disregard of the harm that might result, we affirm his conviction.

We affirm.

## ISSUE

Whether sufficient evidence supports Walls's conviction.

## FACTS

In June 2013, Walls—who was returning from Florida and had not seen his father for several years—showed up at his father's house. Walls's father was no longer living in the house, but his girlfriend, Carrie Szmurlo ("Szmurlo"), and his fifteen-year-old son, Frederick Walls, Jr. ("Frederick Jr."), who was Walls's half-brother, were living in the house. Walls did not know Szmurlo or Frederick Jr. well but stayed at their house for about one week.

On June 27, 2013, Walls and Szmurlo were in the kitchen, and she told him that he needed to move out of her house. After Walls called Szmurlo a "bitch" and a "whore,"

---

[1] IND. CODE § 35-42-2-2. We note that, effective July 1, 2014, a new version of this criminal recklessness statute was enacted and that Class D felony criminal recklessness is now a Level 6 felony. Because Walls committed his crime in 2013, we will apply the statute in effect at that time.

2

Frederick Jr. stepped in and told Walls not to talk to his mother like that. (Tr. 50). Walls grabbed his belongings, and the tensions among the three escalated and continued as they all went outside. Frederick Jr. saw Walls raise his hand and, thinking that Walls was going to hit his mother, punched Walls in the face. Thereafter, Walls grabbed Frederick Jr., picked him up, slammed him on the ground, and punched him. Szmurlo then hit Walls with a bamboo stick "to get him off of [her] son." (Tr. 52).

Szmurlo's neighbor heard screaming outside, saw the fighting, and called the police. Walls left through the alley, and Frederick Jr. chased after him. Walls then got in his truck and drove away. Immediately thereafter, Walls returned to Szmurlo's driveway where she was standing with her neighbor. Walls got out of his truck and fired his gun as he was standing approximately thirty to forty feet from Szmurlo. Walls then put his gun away and started walking back to his truck.

At this same time, a police officer, who heard the gunshot, arrived on the scene. Szmurlo went up to the officer, pointed at Walls, and yelled, "He's got a gun! He just shot at me!" (Tr. 74). The officer went up to Walls, who then told the officer that he had a gun, that he was "former military[,]" and that he had shot the gun at the ground. (Tr. 74). The officer found a shell casing but "was unable to locate any disturbed dirt or cement or grass." (Tr. 81).

Thereafter, the State charged Walls with Class D felony criminal recklessness (for being armed with a deadly weapon), Class D felony pointing a firearm, and Class A misdemeanor battery. The trial court held a bench trial and found Walls guilty of the Class D felony criminal recklessness charge and not guilty on the remaining charges.

3

The trial court imposed a 545 day sentence with 90 days executed and 455 days suspended to probation. Walls now appeals his conviction.

## DECISION

Walls argues that the evidence was insufficient to support his Class D felony criminal recklessness conviction.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences *supporting* the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (internal quotation marks and citations omitted) (emphasis in original).

To sustain Walls's conviction for Class D felony criminal recklessness as charged, the State was required to prove beyond a reasonable doubt that Walls recklessly, knowingly, or intentionally performed an act that created a substantial risk of bodily injury to Carrie Szmurlo and/or Frederick Walls, Jr. and that Walls did so while armed with a deadly weapon. *See* I.C. § 35-42-2-2(b)(1),(c)(2)(A). "A person engages in conduct 'recklessly' if he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that *might* result and the disregard involves a substantial deviation from acceptable standards of conduct." I.C. § 35-41-2-2(c) (emphasis added).

4

Walls acknowledges that "[t]he evidence supports the fact that [he] used a deadly weapon[.]" (Walls's Br. 12). Instead, Walls argues there was not sufficient evidence to prove that he acted recklessly. He also contends that "he used his weapon with no intent to harm [anyone], but in a manner tailored not to do so." (Walls's Br. 8). Walls cites to his own trial testimony to support his contention that the evidence shows that he fired his weapon "carefully" and not recklessly. (Walls's Br. 1). He contends that he had previously been in the military, was trained in the use of a weapon, and that he merely fired his weapon at the ground and not *at* Szmurlo as she had testified. Walls argues that he fired his gun in an effort to "warn away" Szmurlo and Frederick, Jr. (Walls's Br. 1, 12).

The State asserts that "[w]hether Walls was pointing the gun at [Szmurlo] or at the ground when he fired is irrelevant to whether he acted recklessly." (State's Br. 7). The State contends that "[e]ven assuming that Walls fired into the ground, rather than at [Szmurlo], this is a substantial deviation from acceptable standards of conduct—and, it should be noted, a danger of the bullet ricocheting and striking someone as well." (State's Br. 7-8). We agree with the State.

Here, the State presented evidence that, after Walls, Szmurlo, and Frederick Jr. engaged in a fight outside Szmurlo's home, Walls left the scene in his car but then returned, got out of the car, and fired his weapon in close proximity to Szmurlo. Even if Walls was merely trying to "warn" Szmurlo, the factfinder could have reasonably inferred that his act of discharging his weapon in that manner was in plain, conscious, and unjustifiable disregard of harm that might result. Thus, there was probative evidence

5

from which the factfinder could have found that Walls recklessly created a substantial risk of bodily injury to Szmurlo when he fired his gun. *See, e.g.*, *Ware v. State*, 859 N.E.2d 708, 725 (Ind. Ct. App. 2007) (affirming a defendant's criminal recklessness conviction where the evidence revealed that the defendant shot at a group of boys), *reh'g denied*, *trans. denied*; *Carter v. State*, 634 N.E.2d 830, 834-35 (Ind. Ct. App. 1994) (concluding that eyewitness testimony that the defendant shot at the victims was sufficient to support the defendant's criminal recklessness conviction); *Upp v. State*, 473 N.E.2d 1030, 1032 (Ind. Ct. App. 1985) (affirming the defendant's criminal recklessness conviction and rejecting the defendant's argument that the evidence was insufficient to establish that he created a substantial risk of bodily injury because he was not trying to hit the victim when he fired his gun). *See also Al-Saud v. State*, 658 N.E.2d 907, 910 (Ind. 1995) (holding that a defendant's "brandishing of a firearm in a congested area or during a dispute can create a variety of risk of bodily injury to others, regardless of whether the weapon is loaded" and affirming the defendant's Class D felony criminal recklessness conviction).

Walls's argument is nothing more than an invitation to reweigh the evidence, which we will not do. *See Drane*, 867 N.E.2d at 146. Because there was probative evidence from which the factfinder could have found Walls guilty beyond a reasonable doubt of Class D felony criminal recklessness, we affirm his conviction.

Affirmed.

NAJAM, J., and BAILEY, J., concur.